IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) **CHERYL WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NO. __17-CV-154-SPS__ |
| | ) | |
| (1) **TRAVELERS INDEMNITY** | ) | |
| **COMPANY, and** | ) | |
| (2) **ALAN LOUIS CRAWFORD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT TRAVELERS INDEMNITY COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Defendant Travelers Indemnity Company ("Defendant" and/or "Travelers") respectfully files the instant Notice of Removal of this case from the District Court of Sequoyah County, State of Oklahoma. In support of removal, Defendant presents the following:

1. Pursuant to LCvR 81.2 and 28 U.S.C. § 1446, a civil cover sheet, a copy of the State Court Docket Sheet, and all documents filed or served in the state court action, are attached hereto as follows: Civil Cover Sheet (Ex. 1); State Court Docket Sheet (Ex. 2); Original Petition (Ex. 3); Summons (Ex. 4); Motion for Extension of Time to Serve Process (Ex. 5); Order on Motion for Extension (Ex. 6); Second Motion for Extension of Time to Serve Process (Ex. 7); Order on Second Motion for Extension (Ex. 8); Amended Petition (Ex. 9); Summons to Travelers (Ex. 10); Service of Summons on Travelers (Ex. 11); Alias Summon to Alan Crawford ("Crawford") (Ex. 12); Answer of Travelers (Ex. 13); Plaintiff's Application for Scheduling Conference (Ex. 14); Order Setting Scheduling

Conference (Ex. 15); Proof of Service of Crawford (Ex. 16); Entry of Appearance on behalf of Crawford (Ex. 17); Answer of Crawford (Ex. 18); Scheduling Order (Ex. 19); Plaintiff's Motion to Compel (Ex. 20); Plaintiff's Preliminary Witness and Exhibit List (Ex. 21); Defendant Travelers' Response and Objection to Motion to Compel (Ex. 22); Order Setting Hearing by Telephone (Ex. 23); Plaintiff's Discovery Requests to Travelers (Ex. 24); Travelers' Answers to First Interrogatories (Ex. 25); Travelers' Responses to First Requests for Production (documents omitted) (Ex. 26); Travelers' Answers to First Requests for Admission (Ex. 27); Travelers' First Set of Interrogatories to Plaintiff (Ex. 28); Travelers' First Requests for Production of Documents to Plaintiff (Ex. 29); Travelers' First Requests for Admissions to Plaintiff (Ex. 30); Plaintiff's Responses to Travelers First Requests for Admissions (Ex. 31); Plaintiff's Answers to Defendant's Interrogatories (Ex. 32); Plaintiff's Responses to Defendant's Requests for Production of Documents (documents omitted) (Ex. 33); Travelers' Preliminary Witness and Exhibit List (Ex. 34). An Agreed Order Regarding Crawford was apparently filed on December 5, 2016 (Ex. 35) but is not listed on the State Court Docket Sheet.

    2.    Plaintiff's Original Petition and Amended Petition are silent as to the states of citizenship of each party in this case. Accordingly, Travelers provides the following information for the Court's benefit.

    (a)    Plaintiff is a citizen of the State of Oklahoma and resides in Welling, Oklahoma. (*See* Plaintiff's Answers to Travelers' First Set of Interrogatories, Ex. 32).

    (b)    Defendant Crawford is a citizen of the State of Oklahoma. (*See* Policy Declarations Page, Ex. 36).

(c)     Defendant Travelers Indemnity Company was formed in the state of Connecticut and has its principal place of business in the state of Connecticut.

3.     Plaintiff alleges and prays for damages in excess of $75,000.00 exclusive of interest and costs. (*See* Amended Petition, Ex. 9).

4.     Plaintiff originally filed the instant action in the District Court of Sequoyah County, State of Oklahoma, Case No. CJ-2015-51 on April 6, 2015 ("State Court Action"). (*See* Original Petition, Ex. 3).

5.     Plaintiff filed an Amended Petition on August 19, 2016 and added Travelers as a party. (*See* Amended Petition, Ex. 9). Plaintiff achieved service upon Travelers on September 9, 2016. (*See* Service of Summons, Ex. 11). Because the nature of Plaintiff's claim against Travelers is an uninsured/underinsured motorist ("UM") breach of contract action, whether Plaintiff has settled her claims against the tortfeasor (Defendant Crawford) is relevant.

6.     Travelers submits that Defendant Crawford, the Oklahoma citizen referenced above, was fraudulently or improperly joined for purposes of attempting to defeat federal diversity jurisdiction. This proposition will be discussed in greater detail, below.

7.     Because the amount in controversy exceeds $75,000.00 exclusive of interest and costs and complete diversity exists among the properly joined parties, this case is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

8.     The United States District Court for the Eastern District of Oklahoma is the appropriate court for filing the instant Notice of Removal since Sequoyah County, where

the State Court Action is currently pending, is within this Court's jurisdiction. Accordingly, Defendant seeks removal of the State Court Action to this Court.

9. Simultaneously with the filing of this Notice of Removal, Defendant has also filed a copy with the District Court of Sequoyah County, State of Oklahoma and will provide written notice to all other counsel in accordance with 28 U.S.C. § 1446(d).

10. Defendant Crawford does not object to removal of this case to federal court.

11. With regard to the issue of fraudulent or improper joinder of Defendant Crawford, Defendant submits the following argument and authority.

## STATEMENT OF THE CASE

This litigation arises out of a motor vehicle accident which occurred on or about April 28, 2013 in Sequoyah County, State of Oklahoma. Plaintiff alleges the accident occurred due to the sole negligence of Defendant Crawford and, as a result, she sustained injuries. Plaintiff initially filed the State Court Action against Defendant Crawford only. (*See* Original Petition, Ex. 3, filed on April 6, 2015). Apparently, by June 24, 2016, but without obtaining service on Defendant Crawford, Plaintiff settled her claim against Crawford for his liability policy limits of $25,000.00. (*See* correspondence of October 4, 2016 including email attachments of June 24, 2016, Ex. 37). Despite the fact a settlement had been reached between Plaintiff and Defendant Crawford, Plaintiff nonetheless filed an Amended Petition on August 19, 2016 (Ex. 9) and added Defendant Travelers as a party. It was not until Plaintiff filed the Amended Petition that she finally served Defendant Crawford. (*See* Ex. 16).

Plaintiff's claim against Defendant Crawford sounds in negligence while her claim against Defendant Travelers is for breach of the UM contract. Counsel for Defendant Crawford advised that he expected Plaintiff to dismiss Defendant Crawford because he believed a settlement had been reached. To that end, Defendant Travelers issued discovery to Plaintiff regarding the settlement of her claim with Defendant Crawford. As Plaintiff's claim against Travelers is for breach of the UM policy, whether Plaintiff settled her claim with the Defendant Crawford is relevant and discoverable information. Instead of providing Answers to Travelers' Requests for Admissions aimed at verifying the settlement, Plaintiff wholly failed to answer the Requests based upon relevance and denied all requests. (*See* Plaintiff's Answers to Defendant's First Requests for Admission, Ex. 31). In other words, Plaintiff denied settling her claims against Defendant Crawford.

On March 29, 2017 Counsel for Defendant Crawford provided a copy of correspondence sent to Plaintiff's counsel indicating a settlement had indeed been reached and that a settlement draft was forwarded to Plaintiff months prior. However, Plaintiff still had not executed a Release Agreement or Dismissal pertaining to Defendant Crawford. (See Correspondence dated March 29, 2017, Ex. 38). Defendant Travelers submits this is because Plaintiff is attempting to keep the case out of federal court by retaining a non-diverse party in the litigation. Accordingly, this Notice of Removal is proper.

## ARGUMENT AND AUTHORITY

The basis of removal in this case is that the amount in controversy exceeds the jurisdictional amount required under 28 U.S.C. § 1332 and complete diversity exists among all ***proper*** parties in this litigation. To establish fraudulent joinder, the removing party

must demonstrate either: (1) actual fraud in the pleadings of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Hyman v. Travelers Home & Marine Insurance Co.*, 2014 WL 111942, *1 (W.D. Okla. Jan. 10, 2014); *Neill v. State Farm Fire & Casualty Co.*, 2014 WL 223455, *2 (W.D. Okla. Jan. 21, 2014); *Dutcher v. Matheson*, 733 F.3d 780, 786 (10th Cir. 2013). With regard to the second prong, the removing party "must show that there is no possibility of recovery by the plaintiffs against the instate defendants." *Hyman*, 2014 WL 111942, *1, *citing Monsanto v. Allstate Indemnity*, 2000 WL 525592 at *1 (10th Cir. April 14, 2000). Though its objective is not to pre-try the merits of Plaintiff's claim, the court is not compelled to believe what Plaintiff states in his or her complaint. *Dixon v. XTO Energy*, No. CIV-13-349-RAW, 2013 WL 5755326, at *1 (Oct. 23, 2013). Rather, 'upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal.' *Id*.

Here, Plaintiff has no valid claims against non-diverse Defendant Crawford because she has settled her claims against him. The evidence establishes the following chain of events: On or about April 28, 2013 Plaintiff was involved in a motor vehicle collision allegedly caused by the sole negligence of Defendant Crawford. Plaintiff filed an Original Petition against Defendant Crawford only on April 6, 2015 (Ex. 2). By June 24, 2015, Plaintiff agreed to accept Defendant Crawford's liability policy limits of $25,000.00 in settlement of her claims against him. (*See* Ex. 37 email string between Mike Newman and Jack Beesley). Defendant Travelers was not a part of that correspondence as it was not a

6

party to the litigation at that point. After she settled her claims against Defendant Crawford, Plaintiff filed an Amended Petition on August 19, 2016 naming both Crawford and Defendant Travelers. (Ex. 9). Defendant Crawford and Defendant Travelers were served with the Amended Petition on October 7, 2016 and September 9, 2016, respectively.

Though Defendant Crawford did not file a Motion to Dismiss or Motion to Enforce Settlement Agreement after he was served, counsel for Crawford mentioned at the Scheduling Conference of this matter that he believed a settlement had been reached. To that end, Plaintiff agreed to execute at Crawford's request an "Agreed Order Regarding Crawford" which indicated Plaintiff expected to dismiss her claims against Crawford upon resolution of applicable liens. (Ex. 35). In an effort to investigate this purported settlement, Defendant Travelers issued Requests for Admissions to Plaintiff asking him to verify the settlement. (Ex. 30). Plaintiff objected that the requests were irrelevant and subsequently denied all requests. (Ex. 31). Counsel for Defendant requested Plaintiff supplement the Answers to Requests for Admissions, which she failed to do. (Correspondence of February 6, 2017 from Paruolo to Carr, Ex. 39).

Then, on March 29, 2017, counsel for Defendant Crawford copied counsel for Defendant Travelers on correspondence he sent to Plaintiff's counsel indicating that a settlement had indeed been reached more than nine months prior, a settlement draft and release were sent to Plaintiff nearly five months prior, and when could he expect the formal dismissal of Crawford. (Correspondence of March 29, 2017 from Newman to Carr, Ex. 38). Despite Plaintiff's denial of a valid settlement, it is apparent she has settled her claims against Crawford and accepted a settlement payment. To date, Plaintiff has refused to

dismiss the non-diverse Defendant Crawford from the lawsuit despite settling her claims against him in an apparent attempt to defeat removal.

## CONCLUSION

Any defendant who has been improperly joined must be ignored for diversity purposes. *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). Since Plaintiff settled her claims against non-diverse Defendant Crawford, she cannot recover against him. Defendant Crawford has been fraudulently and/or improperly joined in this lawsuit and his presence should be ignored for diversity purposes.

WHEREFORE, premises considered, Defendant Travelers Indemnity Company respectfully requests this case be removed to, and remain in, the United States District Court for the Eastern District of Oklahoma.

Respectfully submitted,

/s/ Carolyn S. Smith_____
Thomas A. Paruolo, OBA #18442
Carolyn S. Smith, OBA #22344
NELSON, TERRY, MORTON,
    DeWITT & PARUOLO
P.O. Box 138800
Oklahoma City, OK 73113
Telephone: 405-705-3600
Facsimile: 405-705-2573
tom@ntmdlaw.com
csmith@ntmdlaw.com
ATTORNEYS FOR DEFENDANT
TRAVELERS INDEMNITY COMPANY

**CERTIFICATE OF SERVICE**

        This is to certify that on the 27th day of April, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Michael E. Carr, OBA #22520
Patrick E. Carr, OBA #1506
A. Laurie Koller, OBA #16857
CARR & CARR ATTORNEYS
4416 South Harvard Avenue
Tulsa, OK 74135
Telephone:  918-392-1018
Facsimile:  918-747-7284
ATTORNEYS FOR PLAINTIFF

Michael T. Newman, OBA #19685
JONES, JACKSON & MOLL, PLC
401 N. 7th St.
P.O. Box 2023
Ft. Smith, AR  72902-2023
Telephone: 479-782-7203
Facsimile: 479-782-9460
ATTORNEY FOR DEFENDANT
ALAN LOUIS CRAWFORD

                                                /s/ Carolyn S. Smith